Patel v. Garland

BIA
Christensen, IJ
A209 433 766/767/768

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of June, two thousand twenty-three.

PRESENT:
  JOHN M. WALKER, JR.,
  RAYMOND J. LOHIER, JR.,
  MYRNA PÉREZ,
   *Circuit Judges*.

_____

RAKESH KUMAR PATEL, SUSHILABEN PATEL, KISHAN PATEL,
  *Petitioners*,

  v.         20-2837
              NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
  *Respondent*.

_____

FOR PETITIONERS:  Dalbir Singh, Esq., Dalbir Singh & Associates, PC, New York, NY.

FOR RESPONDENT:  Brian Boynton, Acting Assistant Attorney General; Anthony P.

Nicastro, Assistant Director; Ilana J. Snyder, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Rakesh Kumar Patel ("Patel"), Sushilaben Patel, and Kishan Patel, natives and citizens of India, seek review of an August 14, 2020 decision of the BIA affirming a September 12, 2018 decision of an Immigration Judge ("IJ") denying Patel's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").* *In re Rakesh Kumar Patel, et al.*, No. A209 433 766/767/768 (B.I.A. Aug. 14, 2020), *aff'g* No. A209 433 766/767/768 (Immig. Ct. N.Y. City Sept. 12, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as supplemented by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426

---

* We refer primarily to Rakesh Patel as his wife and son were derivative beneficiaries on his application.

2

F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and questions of law and application of law to fact de novo); *Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009) (reviewing corroboration findings for substantial evidence).

Patel alleged that members of the ruling political party in India attacked and threatened him because of his membership in the Congress Party, an opposing party, and continued to look for him after he left India. We find no error in the agency's conclusion that he failed to meet his burden of proof. "In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have

3

the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii); *Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018) ("[I]n some cases . . . an applicant may be generally credible but his testimony may not be sufficient to carry the burden of persuading the fact finder of the accuracy of his claim of crucial facts if he fails to put forth corroboration that should be readily available."). In determining whether to deny relief for lack of corroboration, an IJ should identify "specific pieces of missing evidence and show that it was reasonably available," provide an opportunity for explanation, and "assess any explanation given." *Wei Sun*, 883 F.3d at 31 (explaining that BIA's interpretation of § 1158(b)(1)(B)(ii) comports with our decision in *Chuilu Liu*, 575 F.3d at 198).

The agency did not err in concluding that Patel failed to meet his burden because he did not provide any documentary evidence to support his claim. The IJ identified the missing corroboration in the form of country conditions evidence, letters from Patel's fellow Congress Party members and his brother, and Patel's Congress Party identification card. Cert. Admin. R. 18-19. The evidence was reasonably available either through research (country conditions) or because, as

4

Patel testified, he could have obtained letters from his fellow party members and his brother and produced a Congress Party identification card. *Id.* The IJ was not required to credit Patel's explanation that his counsel was mistaken about the hearing date because Patel and his counsel were informed of the hearing in person a year before the hearing and received written notice five months before the hearing. *Id.* And Patel did not subsequently produce the corroboration on appeal.

Patel's ineffective assistance of counsel claim also fails. For remand based on ineffective assistance, Patel had to demonstrate to the BIA "that competent counsel would have acted otherwise and . . . that he was prejudiced by his counsel's performance." *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (quotation marks omitted). To show prejudice, a petitioner must "make a *prima facie* showing that, but for counsel's ineffectiveness, he would have been eligible for . . . relief, and could have made a strong showing in support of his application." *Scarlett v. Barr*, 957 F.3d 316, 326 (2d Cir. 2020) (quotation marks omitted). Patel did not establish prejudice because he did not submit the missing documents (his Congress Party identification card or letters

from fellow party members and his brother) on appeal or identify what evidence he would have submitted but for counsel's errors.

The agency's conclusion that Patel failed to meet his burden of proof with reasonably available corroboration is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6